932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory SMITH, Plaintiff-Appellant,
v.
Henry E. COWAN, Sy Hopson, and Nancy Wright, Defendants-Appellees.
 No. 89-3096.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 13, 1991.
 
 Before WOOD, Jr., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Gregory Smith filed suit under 42 U.S.C. Sec. 1983, alleging that certain mailing procedures at Joliet Correctional Center denied him access to the courts, due process of law, and equal protection of law. The district court dismissed Smith's action as moot. We affirm.
 
 
 2
 In his complaint, Smith asserts that the prison mailing policies regarding the mailing of inmate legal documents, which require that either the inmate pay for postage with the money in his trust account or use a state issued envelope with postage paid, violated his due process and equal protection rights. Although Smith uses due process and equal protection language, the central focus of the substantive allegations of the complaint is the assertion that the mailing policies at Joliet resulted in the denial of access to the courts. Smith alleges that the notice of appeal from the district court's denial of his petition for a writ of habeas corpus was returned to him with the notation that he had insufficient funds in his trust account to pay postage. The notice also provided that Smith either had to supply the money for postage or use a state issued envelope to mail the notice of appeal. Smith ultimately obtained the money for postage, however, his notice of appeal was filed four days beyond the filing deadline, placing his appeal in jeopardy of being dismissed, and according to Smith, denying him access to the courts.
 
 
 3
 The district court dismissed Smith's Sec. 1983 claim as moot because the appeal of his habeas petition was heard and affirmed by this court in Smith v. Fairman, 862 F.2d 630 (7th Cir.1988). The district court determined that once the appeal had been resolved on the merits, there could be no claim of denial of access to the courts. In Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 102 S.Ct. 752 (1982), the Supreme Court stated:
 
 
 4
 at an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," Simon v. Eastern Kentucky Welfare Rights, Org., 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450 (1976).
 
 
 5
 Id. at 472, 102 S.Ct. at 758. We agree with the district court's determination that once the appeal was decided on its merits there was no longer a viable claim for denial of access to the courts. At that point, Smith was no longer suffering any actual or threatened injury as a result of the prison mail policies. As such, he could not satisfy the minimum requirements of demonstrating that the challenged policy resulted in an injury to him; therefore, the case is moot.
 
 
 6
 Smith argues that even if his case is moot, it falls within the capable of repetition yet evading review exception to the mootness doctrine first announced in Southern Pacific Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 31 S.Ct. 279 (1911). Smith's claim does not fall within the exception. In Murphy v. Hunt, 455 U.S. 478, 102 S.Ct. 1181 (1982) (per curiam) the Supreme Court stated that " 'in the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was reasonable expectation that the same complaining party would be subjected to the same action again.' " Id. at 482, 102 S.Ct. at 1183 (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 348 1975) (per curiam)).
 
 
 7
 In this instance, Smith has made an insufficient showing that he will be adversely affected by the mailing policies in the future. Although Smith alleges that he will continue to file lawsuits during the remaining time of his incarceration and thus, that he will continue to be affected by the mailroom policies at Joliet, that argument does not satisfy the requirements of the doctrine. In Murphy, the Supreme Court emphasized that mere physical or theoretical possibility was insufficient to satisfy the exception. Rather, the complaining party must establish a "reasonable expectation or demonstrated probability" that the same controversy will recur. Murphy, 455 U.S. at 482, 103 S.Ct. at 1184. Smith is only arguing that because he anticipates that he will continue to file lawsuits during the time he remains in custody, it is likely that he will again be affected by the mailing policies. That type of speculation simply does not rise to the level of demonstrated probability that the controversy at issue will recur necessary to invoke the capable of repetition yet evading review doctrine. In addition, there is nothing in the record to indicate that a claim of denial of access to the courts resulting from prison mailing policies is by its very nature of such limited duration that a future claim that Smith was adversely affected by the legal mail policies at Joliet would evade judicial review. That is, nothing in the record suggest that any injury that might result from the challenged policies could not be litigated during the pendency of the injury. In fact, it would seem that if the mailing policies actually resulted in a denial of access to the courts, that injury would generally be continuing in nature so as to permit judicial review.
 
 
 8
 For all of the foregoing reasons, the decision of the district court dismissing Smith's action as moot is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record